UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                             No. 2:21-CR-20023

JAMES SCHROER                                                                              DEFENDANT

## OPINION AND ORDER

On July 28, 2021, Defendant James Schroer was charged in a 2-count indictment (Doc. 1) with one count of receipt and one count of possession of child pornography. Mr. Schroer entered federal custody under a writ of habeas corpus ad prosequendum on August 5, 2021 and was arraigned on September 7, 2021, at which time he waived the issue of detention. *See* Doc. 14.

On November 10, 2021, counsel for Mr. Schroer filed a motion to determine competency of Mr. Schroer (Doc. 19), stating that Mr. Schroer was currently reporting to counsel both auditory and visual hallucinations and expressing suicidal ideations. Counsel for Mr. Schroer further opined that there was reasonable cause to believe that Mr. Schroer was suffering from a mental disease or defect rendering him incompetent to stand trial. *See id.* at ¶ 2. Two days later, this Court entered an Order (Doc. 20) granting that motion, and committed Mr. Schroer to the custody of the Attorney General for a psychological examination under 18 U.S.C. § 4241 to determine whether Mr. Schroer is able to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

From December 21, 2021 through February 11, 2022, Mr. Schroer was evaluated by Dr. Katherine E. Sunder, Psy.D., who authored a report (Doc. 24) that was received by this Court and filed under seal on March 15, 2022. In her report, Dr. Sunder extensively described the background and course of her evaluation, and ultimately offered a diagnosis of Unspecified Schizophrenia

Spectrum and Other Psychotic Disorder.  She observed that although Mr. Schroer exhibits correct but simplistic factual knowledge about the legal system and a general understanding of what he has been charged with, "his rational understanding of the charges and his ability to assist in his defense begins to falter substantially as he discusses potential defenses more in depth." *Id.* at 9. She described Mr. Schroer's reasoning about his case as "rooted in illogical thinking and involv[ing] conspiracy theories about the state of Arkansas," wedded to a fixation on "reports" that he previously authored, "some of which contain bizarre themes that do not seem to be related to the case or rooted to reality." *See id.* at 9–10.  Dr. Sunder concluded that Mr. Schroer "is paranoid and is unlikely able to converse with an attorney in a meaningful way." *Id.* at 10. Therefore she opined that Mr. Schroer has a severe mental disease which impairs his ability to understand the nature and consequences of the proceedings against him, and which impairs his ability to assist properly in his defense.  *See id.* at 11.

Yesterday the Court conducted a competency hearing in this matter.  The Government called only one witness: Dr. Sunder.  The substance of her testimony was consistent in all respects with her aforementioned report.  Counsel for Mr. Schroer declined to conduct any cross-examination of Dr. Sunder.  Mr. Schroer was then given the opportunity to cross-examine Dr. Sunder himself; he proceeded to ask her a series of questions focused exclusively on the matter of whether he had ever previously been committed to the Arkansas State Hospital ("ASH").  Mr. Schroer appeared fixated on the idea that a report describing his alleged prior commitment to ASH had been fabricated and was being hidden from him.  No rational basis for this fixation was apparent to the Court; Mr. Schroer's suspicions appeared to have been aroused by the fact during one of Dr. Sunder's prior interviews of Mr. Schroer she simply asked him, as a matter of course, whether he had ever previously been committed to ASH.

The Court finds Dr. Sunder's testimony credible and agrees with her conclusions regarding Mr. Schroer's current mental state. Mr. Schroer's line of questioning of Dr. Sunder during yesterday's hearing further validates her conclusions. Based on Dr. Sunder's report of her forensic evaluation and her testimony at yesterday's hearing, including Mr. Schroer's cross-examination of her, the Court finds by a preponderance of the evidence that Mr. Schroer is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS THEREFORE ORDERED that, pursuant to 18 U.S.C. § 4241(d), Defendant Schroer is committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, and for an additional period of time until: (A) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier.

IT IS SO ORDERED on this 15th day of June, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE